**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| MAFIA MONTHLY | SEAN PATRICK PATTERSON, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 8:21-cv-00990-DOC-KES |
| v. | |
| FERAS ANTOON, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                           United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☒ Inadequate showing of indigency                   ☐ District Court lacks jurisdiction
☒ Legally and/or factually patently frivolous    ☐ Immunity as to _____
☐ Other: _____

Comments:
See attachment.

6/8/2021                                   /s/ - Karen E. Scott
_____     _____
Date                                           United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED

☒ DENIED (see comments above). IT IS FURTHER ORDERED that:

   ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

   ☒ This case is hereby DISMISSED immediately.

   ☐ This case is hereby REMANDED to state court.

June 9, 2021                              David O. Carter
_____     _____
Date                                           United States District Judge

## ATTACHMENT TO RECOMMENDATION TO DENY
## IN FORMA PAUPERIS ("IFP") APPLICATION

Mafia Monthly | Sean Patterson v. Feras Antoon, et al.
Case # 8:21-cv-00990-DOC-KES

    Plaintiffs Mafia Monthly and Sean Patterson filed a Complaint accompanied by an Application to Proceed IFP.  (Dkt. 1, 2.)  District courts must deny IFP applications if the action fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF ALLEGATIONS.

    Plaintiffs name as Defendants: (1) Feras Antoon, Chief Executive Officer of MindGeek; (2) David Tassillo, Chief Operating Officer of MindGeek; (3) MindGeek | Pornhub; (4) www.pornhub.com; (5) City of Limassol, Cyprus; (6) Nicki Minaj, recording artist; (7) Beyonce, recording artist; (8) Billie Eilish, recording artist; (9) Rihanna Fenty, recording artist; (10) Doja Cat, recording artist; and (11) Meagan Good, actress.

    Plaintiffs allege "California Commercial (Television & Internet) audience is subject to free public access, that violates California age requirements." (Dkt. 1 at 4.[1])  Plaintiff Patterson does not specify what the California age requirements are, how he has been harmed by the alleged age requirement violations, or the individual Defendants' role in any alleged violations. Plaintiffs assert causes of action for violations of 22 U.S.C. § 7102 and "[c]riminal negligence of Commercial Sex Act." (Id. at 6-7.)  Plaintiffs seek monetary damages but do not indicate the amount. (Id. at 10; Dkt. 1-1 at 1 ¶ V [civil cover sheet].)

## II.    PLEADING DEFECTS.

    **A.**    **Pro Se Representation:**  Individuals who are not lawyers, like Plaintiff Patterson, may represent themselves but may not appear on behalf of an entity or organization like Mafia Monthly.[2]  Local Rule 83-2.2.1, 83-2.2.2.[3]

    **B.**    **Signature:**  A party may not sue using an alias or false name without the Court's permission. Fed. R. Civ. Pro. 11(a).  Parties appearing pro se must sign filed documents using their true, legal name.  Local Rule 11-1.  Plaintiff Patterson appears to have signed the Complaint "Q." (Dkt. 1 at 11.)

    **C.**    **Standing:**  Plaintiffs must satisfy the case or controversy requirement of Article III by demonstrating standing.  U.S. Const. art. III, § 2.  Standing requires that Plaintiffs allege facts showing they suffered an injury-in-fact caused by the Defendants' actions, and that their injury can be redressed by a favorable decision.  Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011).  Each plaintiff's injury-in-fact must be "concrete," not abstract or

---

[1] Page citations refer to the pagination imposed by the Court's electronic filing system.

[2] Although the caption of the Complaint lists the plaintiff as "Mafia Monthly," the section of the Complaint describing the parties only lists Patterson as a plaintiff.  (Dkt. 1 at 1-2.)  The IFP Application identifies Mafia Monthly as Plaintiff Patterson's employer.  (Dkt. 2 at 1.)

[3] The Court's local civil rules are available online at http://www.cacd.uscourts.gov/court-procedures/local-rules.

speculative, and "unique to that plaintiff" such that he has "a 'personal stake' in the outcome" of a lawsuit seeking to remedy it.  <u>Schmier v. United States Court of Appeals</u>, 279 F.3d 817, 821 (9th Cir. 2002).  Plaintiffs fail to allege how they were concretely and uniquely injured by the purported age requirement violations.

   **D.**  <u>**Rule 8**</u>**:**  The Complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Plaintiffs fail to allege facts describing the acts/omissions of each Defendant that they contend injured them.  Instead, they provide one web address for a video on Defendant Pornhub's website, which the Court did not view.  (Dkt. 1 at 4.)

   **E**  <u>**22 U.S.C. § 7102**</u>**:**  This federal statute defines terms used in Title 22 Chapter 78, the purpose of which is to combat human trafficking.  It does not create a private, civil cause of action.

   **F.**  <u>**Lack of Federal Jurisdiction**</u>**:**  Plaintiffs allege federal question jurisdiction based on their claim under 22 U.S.C. § 7102.  (<u>Id.</u> at 1.)  As stated above, Plaintiffs' 22 U.S.C. § 7102 cause of action fails, and Plaintiffs fail to allege facts supporting diversity jurisdiction.

   **G.**  <u>**Insufficient Showing of Indigency**</u>**:**  Plaintiff Patterson lives in Newport Beach, declares that he has a $900 monthly income from undisclosed sources, works at home for no wages, and filed a tax return in 2009 reflecting $760,000 in income.  (Dkt. 2. at 1-2.)  These facts do not establish that Plaintiff cannot afford to pay the filing fee.  (<u>Id.</u>)

**III.**  **CONCLUSION.**

   For all these reasons, the Complaint fails to state a claim upon which relief may be granted.  Because the pleading deficiencies cannot be cured by amendment, immediate dismissal is appropriate.  <u>See</u>, <u>e.g.</u>, <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding no need to permit further amendment where the "basic flaw" in the underlying pleading cannot be cured by amendment).